ORIGINAL

FILED
U.S. DISTRICT COURT

2008 MAR 18 AM 10: 40

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HACK HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-078 |
| ) | |
| TINA SANDERS, Deputy Warden for Care ) | |
| and Treatment at Dodge State Prison; ) | |
| DEBRA MOORE, Counselor at Dodge ) | |
| State Prison; and CHRIS ELLIOTT, ) | |
| Correctional Officer at Dodge State Prison, ) | |
| ) | |
| Defendants. ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Dodge State Prison ("DSP") in Chester, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. SCREENING OF COMPLAINT

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Tina Sanders, Deputy Warden of Care and Treatment, (2) Debra Moore, Counselor, and (3) Chris Elliott, Correctional Officer. (Doc. no. 1, pp. 1, 4).

Plaintiff provides that he was transferred from Mens State Prison to DSP for medical reasons. (Id. at 3). Upon his arrival to DSP, Plaintiff had his initial medical evaluation. (Id.). Plaintiff alleges that his medical file indicated that he suffered from asthma, which occasionally causes seizures. (Id.). His medical file also contained a medical profile limiting his lifting to 10 pounds or less, limiting his standing, limiting his exercise, directing that he have a bottom bunk, providing him with a slow eating pass, and directing that he have soft shoes. (Id.). Plaintiff alleges that in spite of his medical file, Defendants Moore and Elliott failed to acknowledge his medical conditions and expunged his medical profile. (Id.). Plaintiff asserts that his asthma can be fatal, and that Defendants Moore's and Elliott's refusal to provide him with care constitutes deliberate indifference. (Id. at 5). Plaintiff also claims that he has requested to see a doctor because he is concerned that he may have Parkinson's disease. (Id. at 3, 5).

## II. DISCUSSION

### A.  No Deliberate Indifference

*Liberally* construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for deliberate indifference to a serious medical need regarding

2

Plaintiff's contention that he believes that he may have Parkinson's disease.[1] First, the Court notes that Plaintiff merely sets forth the conclusory statement that, "I have requested several times to see the doctor for possible Parkinson's disease because my head shakes constantly all day, every day." (Doc. no. 1, pp. 3, 5). Of note, Plaintiff does not assert to whom he made the requests to see a doctor. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted); see also Crawford-El v. Britton, 523 U.S. 574, (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury"). In the absence of an allegation of any such connection between any named Defendant with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief regarding his Parkinson's disease claim against any Defendant.

Moreover, even if Plaintiff had established a connection between any Defendant and the alleged constitutional violation, his claim regarding his belief that he has Parkinson's disease must still fail. Although it is true that "[t]he Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs," Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999), to support a claim for deliberate indifference to a serious medical, Plaintiff must meet a two-prong test. First, based on an objective standard, the alleged medical

---

[1] By separate Order, the Court has directed that service of process be effected on Defendants Moore and Elliott on Plaintiff's deliberate indifference claim regarding his asthma.

3

problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Id. at 835-39.

To show the deliberate indifference that would violate the Eighth Amendment, Plaintiff must allege that prison officials knew about and disregarded an excessive risk to his health or safety. See id. at 837. When subjectively weighing whether prison officials are deliberately indifferent, the courts require plaintiffs to show "more than mere negligence," and look for "obduracy and wantonness, not inadvertence or error in good faith." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (citation omitted). To state a viable Eighth Amendment claim, Plaintiff must show that the defendants acted with "deliberate indifference" to his medical needs, such as an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain. See id. at 1543-44. Only when medical care is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness'" will the standard of "deliberate indifference" be met. Id. at 1544 (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Mere allegations of negligence or malpractice do not amount to deliberate indifference. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Here, Plaintiff has not met the two-pronged test described above. Plaintiff states that he believes that he has Parkinson's disease because his head shakes constantly and he

4

has requested several times to see the doctor for possible Parkinson's disease. (Doc. no. 1, pp. 3, 5). This does not show deliberate indifference because Plaintiff has not claimed that he was denied all medical care. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's deliberate indifference claims regarding Parkinson's disease be **DISMISSED** from this case.

## B. No Liability Based on *Respondeat Superior*

Plaintiff also attempts to make a claim against Defendant Sanders, Deputy Warden of Care and Treatment, by claiming that she is responsible for ensuring that the medical staff meets all of Plaintiff's needs and that the medial staff has knowledge of Plaintiff's medical requirements. (Doc. no. 1, p. 5). However, Defendant Sanders cannot be held liable simply by virtue of her supervisory position at DSP.

In the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Defendant Sanders was personally involved in Plaintiff's medical treatment.

5

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Sanders, and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegation of refusal of treatment by Defendants Moore and Elliott regarding Plaintiff's asthma and his general allegations regarding his belief that he has Parkinson's disease, does not show there was a history of widespread abuse that put Defendant Sanders on notice of the need for corrective action or that she had an improper custom or policy that violated any of Plaintiff's constitutional rights. Thus, Plaintiff fails to state a claim against Defendant Sanders based on her status as deputy warden of care and treatment. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant

---

[2] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

Sanders be **DISMISSED** from this case.

### III. CONCLUSION

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted concerning his alleged deliberate indifference claim regarding his belief that he may have Parkinson's disease. Moreover, Defendant Sanders cannot be held liable based on a theory of *respondeat superior*. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claim for deliberate indifference regarding Parkinson's disease be **DISMISSED**, and that Defendant Sanders be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 18th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE