ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HACK HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-078 |
| ) | |
| DEBORAH MOORE, Counselor at Dodge ) | |
| State Prison, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brought the captioned case pursuant to 42 U.S.C. § 1983. The matter is before the Court on Defendants' motion to dismiss. (Doc. no. 18). For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

Defendants argue that contrary to the Court's Order dated March 18, 2008, Plaintiff failed to notify the Court that his address changed due to his release. (Id. at 5). Defendants show that the Georgia Department of Corrections records indicate that Plaintiff was released on June 23, 2008, and that Plaintiff did not provide the Court with his current address. (Id. at Ex. A). Indeed, Plaintiff's address with the Court lists Plaintiff as being incarcerated at

Dodge State Prison. Plaintiff has not filed a response to Defendants' motion, and the docket shows that Plaintiff's service copy of the Court's most recent order in this case was returned as "undeliverable."[1] (Nov. 24, 2008 docket entry). Defendants contend that the instant case should be dismissed pursuant to Fed. R. Civ. P. 41(b) and Loc. R. 41.1(b). (Id. at 4-6).

Under Loc. R. 7.5, failure to respond to a motion generally indicates that the motion is unopposed; however, the Court is reluctant to rule on a dispositive motion to dismiss without first hearing from *pro se* Plaintiff. Unfortunately, it is apparent that Plaintiff has failed to inform the Court of a change of address, making it impossible for the Court to communicate with him. Indeed, Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Court has specifically warned Plaintiff, "While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 13, p. 4). The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket

---

[1]When the time to respond to Defendants' motion to dismiss expired without a response or objection from Plaintiff, the Court entered an Order explaining to Plaintiff that it was reluctant to rule on Defendants' motion without first hearing from Plaintiff. (Doc. no. 20). The Court also explained to Plaintiff the consequences of not responding to Defendants' motion. (Id.). Finally, the Court ordered Plaintiff to file a response with the Court within fifteen days of the date of the Order. (Id.). It is this Order that was returned as undeliverable.

includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rule. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); see also Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss (doc. no. 18) be **GRANTED**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE